UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHASE EQUIPMENT LEASING, INC.,
an Ohio corporation,

        Plaintiff,

                                    File No.  1:08-CV-565

v.

                                    HON. ROBERT HOLMES BELL

EWK, LLC, a Michigan limited liability
company, GENERAL SALES &
SERVICES, INC., a Michigan corporation,
TORCO RACING FUELS, INC., a
Michigan corporation, and EVAN KNOLL,

        Defendants.
                                    /

## **O P I N I O N**

This matter is before the Court on Plaintiff Chase Equipment Leasing, Inc.'s motion for summary judgment. (Dkt. No. 21.) In May 2007, Chase loaned Defendant EWK the principal amount of $15,725,000 to finance the purchase of a 2002 Cessna Citation X ("Citation X"). The other Defendants are guarantors of the loan. EWK stopped making payments on the loan in April 2008. Plaintiff seeks recovery of damages for breach of the loan and guaranty documents.

### I.

Plaintiff has sued Defendants for two counts of breach of contract. Subject matter jurisdiction in this Court is based on diversity of citizenship. 28 U.S.C. § 1332. Plaintiff

Chase Equipment Leasing, Inc. ("Chase") is an Ohio corporation. Plaintiff alleges that Defendants EWK, LLC ("EWK"), General Sales & Services, Inc. ("General Sales"), Torco Racing Fuels, Inc. ("Torco"), and Evan Knoll ("Knoll") are Michigan citizens. Plaintiff seeks more than $ 75,000 in damages.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). Nevertheless, the mere existence of a scintilla of evidence in support of a party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## III.

The following is a restatement of the material facts taken from Plaintiff's motion for

2

summary judgment, and the evidence submitted therewith. Defendants, in their response to Plaintiff's motion for summary judgment, do not submit any contrary evidence, set forth any alternate facts, or dispute any of the facts recited or evidence submitted by Plaintiff. On May 25, 2007, at a meeting between Defendant Knoll and representatives of Plaintiff, Knoll, as principal of EWK, executed: (1) a Corporate Appointment on behalf of General Sales authorizing him or Latrell Preston, the Chief Financial Officer of EWK and General Sales, to enter into any agreements with Chase, including a loan for the purchase of the Citation X; and, (2) a Continuing Guaranty on behalf of himself, personally guarantying the loan to EWK for the purchase of the Citation X. At the same meeting, Preston signed a Borrower Certificate on behalf of EWK authorizing Preston to enter into agreements with Chase, including a loan for the purchase of the Citation X.

On May 29, 2007, Chase and EWK entered into a Loan and Security Agreement and Promissory Note (collectively, the "Loan Documents") providing for a loan to EWK of $ 15,725,000 for the purchase of the Citation X. The Loan Documents were signed by Preston as the Chief Financial Officer of General Sales, a member of EWK. The same day, Preston also signed Continuing Guaranty documents on behalf of General Sales and Torco.

In April 2008, EWK defaulted on its obligations under the Loan Documents by failing to make payments when due. On April 11, 2008, Chase sent EWK and the guarantors of the loan a notice of default. On April 17, 2008, Preston executed a Surrender Agreement on behalf of EWK, allowing Chase to take possession of the Citation X. On May 7, 2008,

3

Plaintiff sent each Defendant a notice of default and a demand for payment in full by May 11, 2008.

### IV.

Plaintiff asserts that under the Loan Documents and the Continuing Guaranty agreements, EWK and the other Defendants are jointly and severally liable to Chase for repayment of the loan to EWK. Defendants' only argument in response to Plaintiff's motion for summary judgment, and only affirmative defense asserted in their Amended Answer to the Complaint, is that Defendants are not liable for the full amount because Plaintiff has not mitigated its damages by selling the Citation X. The failure to mitigate damages is an affirmative defense in breach of contract cases under both Ohio and Michigan law.[1] *Fothergill v. McKay Press*, 132 N.W.2d 144, 145 (Mich. 1965); *Young v. Frank's Nursery & Crafts, Inc.*, 569 N.E.2d 1034, 1037 (Ohio 1991).

Thus, the Court finds that there is no genuine issue of material fact that: (1) Defendants entered into valid and enforceable agreements with Chase to repay, or to guarantee repayment of, a loan to EWK; (2) Defendants are jointly and severally liable for repayment of the loan, including the remaining principal, interest on the principal, finance charges, late charges, and collection costs and attorneys' fees; (3) Defendant EWK has

---

[1]Neither party discusses which state's laws are applicable to this contract action, though Plaintiff cites Michigan case law regarding interpretation of contracts. Generally, a court sitting in diversity applies the laws of the forum state, which in this case is Michigan. *Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 302 (6th Cir. 2008). However, it appears that the Loan Agreement and the Continuing Guaranty agreements are, by their terms, governed by the laws of the State of Ohio. (Dkt. No. 21, Pl.'s Br. in Supp., Ex. E at 7, Ex. F at 3.)

breached the Loan Documents by defaulting on the loan made by Plaintiff to EWK; and, (4) Defendants General Sales, Torco, and Knoll have breached the Continuing Guaranty agreements by failing to pay Plaintiff the indebtedness owed by EWK when due, including the remaining principal, interest on the principal, finance charges, late charges, and collection costs and attorneys' fees.

Plaintiff asks the Court to award Plaintiff a total of $ 16,552,309.99 in damages, which represents the amount due to Plaintiff as of May 30, 2008, including principal in the amount of $ 15,109,123.59, interest in the amount of $ 478,119.53, and fees of $ 965,066.87. However, Defendants argue the Court cannot grant summary judgment to Plaintiff for the full amount of $ 16,552,309.99 because there remain issues of material fact with respect to Defendants' affirmative defense of mitigation of damages. In its brief in support of its motion for summary judgment, Plaintiff acknowledges that "[o]n or about April 11, 2008, EWK voluntarily surrendered the Citation X to [Plaintiff] . . . ." (Dkt. No. 21, Pl's Br. in Supp. 1 n.1.) Defendants argue that Plaintiff has had possession of the aircraft and has not mitigated its damages by "selling the aircraft and subtracting the fair market value of the aircraft from the outstanding amount due." (Dkt. No. 23, Defs' Br. in Resp. 2.) Plaintiff does not respond to this argument and does not address Defendants' mitigation of damages defense.

Thus, the Court grants Plaintiff's motion for summary judgment in part, finding that Defendants are jointly and severally liable to Plaintiff for breach of the Loan Documents and

the Continuing Guaranty agreements. At this time, however, the Court denies Plaintiff's request for summary judgment as to the amount of damages, because there remain genuine issues of material fact with respect to the amount owed by Defendants.

An order will be entered that is consistent with this opinion.


Dated: March 2, 2009                                    /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE